Robert V. Closson, Esq. (SBN 125646)
bclosson@hirschclosson.com
Christopher T. Hicks, Esq. (SBN 300462)
chicks@hirschclosson.com
HIRSCH CLOSSON, APLC
5030 Camino de la Siesta, Suite 300
San Diego, CA 92108
Telephone (619) 233-7006
Facsimile (619) 233-7009

Attorneys for Plaintiff,
WESCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESCO INSURANCE COMPANY, a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>WESCO INSURANCE COMPANY'S COMPLAINT FOR:<br><br>(1) EQUITABLE CONTRIBUTION - DEFENSE FEES;<br>(2) EQUITABLE CONTRIBUTION - INDEMNITY;<br>(3) EQUITABLE SUBROGATION - DEFENSE FEES;<br>(4) EQUITABLE SUBROGATION - INDEMNITY; and<br>(5) BREACH OF CONTRACT - FAILURE TO INDEMNIFY |

COMES NOW, Plaintiff, WESCO INSURANCE COMPANY ("WESCO") and for its Complaint against the Defendants herein alleges as follows:

**JURISDICTION**

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as Plaintiff is domiciled in New York and Defendants are residents of Arizona.

2. The amount in controversy exceeds $75,000 and represents disputed indemnity exposure and fees and costs sought in connection with the defense and indemnification of the parties' mutual insureds with regard to the hereinafter described Underlying Action.

/ / /

**VENUE**

3. WESCO is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in the State of California, County of El Dorado, which mandates that this action be commenced in the United States District Court for the Eastern District of California sitting in Sacramento pursuant to L.R. 120(d). The hereinafter described Underlying Action was filed and prosecuted in the Superior Court for the State of California, County of Sacramento, within this judicial district. Accordingly, venue is also proper in the Eastern District of California in Sacramento pursuant to 28 U.S.C. §1391(b)(2).

**THE PARTIES**

4. At all times material to this Complaint, Plaintiff WESCO was and is a New York corporation and an insurer which is duly licensed, authorized and engaged in the business of issuing insurance policies in the State of California. WESCO is sometimes referred to herein as "Plaintiff."

5. WESCO is informed and believes that at all times material to this Complaint, Defendant IRONSHORE SPECIALTY INSURANCE COMPANY ("IRONSHORE"), is and was an Arizona corporation which is duly licensed, authorized and engaged in the business of issuing insurance policies in the State of California.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued in this Complaint as DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names and prays leave of this Court to amend this Complaint to set forth their true names and capacities when the same have been ascertained.

7. WESCO is informed and believes and thereon alleges that Defendants, and each of them, were individuals, corporations and/or other entities either having residence in, adequate contacts with and/or are authorized to do and/or are doing business within the jurisdiction of this Court.

/ / /

/ / /

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

## THE INSURANCE POLICIES

**The WESCO Policy:**

8. WESCO issued commercial general liability coverage to Excavating Engineers, Inc. ("EEI") as the named insured through policy number WPP1053020-02, effective February 1, 2014 through February 1, 2015, subject to a $1 million per occurrence limit ("the WESCO Policy"). The WESCO Policy was based upon standard commercial liability form CG 0001 (04/13), and included limitations of coverage outlining, among other things, when coverage afforded by the WESCO Policy would be primary or excess to other valid and collectible insurance. The WESCO Policy included, in pertinent part, the following:

> **b. Excess Insurance**
>
> (1) This insurance is excess over:
>
> ***
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.
>
> (2) When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> (a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> (b) The total of all deductible and self-insured amounts under all that other insurance.
>
> (4) We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifcially to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

9. A true and correct copy of the WESCO Policy is attached hereto and incorporated herein as Exhibit "A."

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

**The IRONSHORE Policy:**

10. Plaintiff is informed and believes and thereon alleges that Defendant IRONSHORE issued commercial general liability insurance policy no. AGS0065500, effective March 3, 2014 through March 3, 2015, to Access Limited Construction ("ALC") ("the IRONSHORE Policy").

11. Plaintiff is informed and believes and thereon alleges that the IRONSHORE Policy included endorsement CG 20 10 07 04 entitled "Additional Insured - Owners, Lessees or Contractors - Scheduled Person or Organization" ("AI Endorsement"), which changes the definition of "Who Is An Insured" to include "Additional Insureds shown in a written contract, or written agreement that includes primary and non-contributory wording."

12. On or about June 15, 2014, EEI entered into a subcontract agreement with ALC, wherein ALC agreed to perform the rock-related construction work at the project ("the Subcontract"). Pursuant to the terms of the Subcontract, ALC was required to add EEI as an additional insured on its general liability insurance policy (i.e., the IRONSHORE Policy), and further required ALC's insurance (i.e., the IRONSHORE POLICY) to be primary and EEI's insurance non-contributory. A true and correct copy of the Subcontract is attached hereto and incorporated herein as Exhibit "B."

13. The IRONSHORE policy generally provides primary coverage for third party claims of property damage as the result of an occurrence during the policy period, subject to certain limitations, exclusions and exceptions.

**FACTUAL BACKGROUND**

14. On or about June 9, 2014, EEI entered into a construction contract with El Dorado Irrigation District ("EDID") for removal and replacement of certain existing components of the Camp 2 Bridge relative to its reconstruction (the "Project"), located on U.S. National Forest lands in El Dorado County, California.

15. On or about June 15, 2014, EEI entered into the Subcontract with ALC, wherein ALC agreed to perform the rock-related construction work at the Project. Plaintiff is informed and believes that ALC's scope of work at the Project included but was not

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

limited to performing mobilization, footing excavation in rock and rock scaling, and providing, *inter alia*, drill and bond dowels, rock anchors, tieback anchors and rock cable net.

16. Pursuant to the terms of the Subcontract, ALC was required to add EEI as an additional insured on its general liability insurance policy (i.e., the IRONSHORE Policy), and further required ALC's insurance (i.e., the IRONSHORE POLICY) to be primary and non-contributory.

17. Plaintiff is informed and believes and thereon alleges that on or about September 9, 2014, while ALC was performing rock scaling or other operations related to rock scaling at the Project, rocks and other debris were dislodged and traveled down the side of the cliff in unanticipated directions, which impacted, *inter alia*, the historic hand-stacked abutment walls causing significant damage. EDID thereafter determined the damage was so severe that the abutment walls needed to be entirely replaced. Shortly thereafter, on December 31, 2014, EDID terminated EEI, and by extension EEI's subcontractor ALC.

18. A lawsuit was filed by ALC on June 30, 2015, styled *Access Limited Construction v. Excavating Engineers, Inc. et al,* Sacramento Superior Court Case No. 34-2016-00197663 ("the Underlying Action"), against EEI, EDID and U.S. Specialty Insurance Company ("USSIC") seeking recovery of amounts ALC alleged were owed for work it performed on the Project.

19. On September 30, 2015, USSIC filed a cross-complaint in the Underlying Action against ALC and Nationwide Mutual Insurance Company ("Nationwide"), which issued a bond to ALC for its work at the Project, asserting causes of action for breach of contract and recovery on surety bond.

20. On October 20, 2015, EEI filed a cross-complaint in the Underlying Action against ALC, Nationwide and EDID, asserting causes of action for breach of contract, express contractual indemnity, implied contractual indemnity, declaratory relief and enforcement of performance bond. EEI also alleged that ALC was obligated to indemnify EEI with regard to any damages in connection with the Project pursuant to the Subcontract.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

21. On November 23, 2015, EDID filed a cross-complaint in the Underlying Action against EEI, asserting causes of action for breach of contract and declaratory relief. In its cross-complaint, EDID alleges that EEI's work at the project was deficient, did not comply to the requirements of the contract with EDID, was untimely and caused damage to existing abutments at the Project which required replacement.

22. Plaintiff is informed and believes and thereon alleges that on or around October 22, 2015, EEI, ALC, Nationwide and USSIC entered into a settlement agreement regarding the work performed by ALC and EEI for EDID at the Project ("the Settlement"). EDID was not a party to the Settlement. Pursuant to the Settlement, ALC dismissed its original complaint in its entirety, USSIC dismissed its cross-complaint in its entirety, and EEI dismissed ALC and Nationwide from its cross-complaint. Accordingly, only EDID's cross-complaint against EEI and EEI's cross-claims against EDID remained in the Underlying Action. The Settlement did not release EEI from liability for damage caused in whole or in part by ALC's work on its behalf.

23. On February 26, 2018, EDID filed a first amended cross-complaint ("FAXC") in the Underlying Action, which added as a defendant Martin Smith, Responsible Managing Officer of EEI. The FAXC alleged that EEI's retention of and reliance on ALC to perform work on the historic north abutment wall of the Project was deficient, and as a result, the abutment was damaged so severely that it was deemed irreparable and required total replacement. EDID sought damages for breach of contract; a judicial determination that EDID properly and rightfully terminated EEI and thus owes nothing on their contract for work on the Project; a judicial determination that EEI has waived its rights under their contract for work on the Project; and to recover costs of litigation and attorneys fees. The Underlying Action and all cross-claims filed therein are hereinafter collectively referred to as the "Underlying Action." A true and correct copy of EDID's FAXC is attached hereto as Exhibit "C."

/ / /

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

24. On September 4, 2017, EEI tendered its defense in the Underlying Action to WESCO under the WESCO Policy, which accepted the defense subject to a reservation of rights. WESCO reserved its rights to seek contribution from any other insurer.

25. On or about November 27, 2017, WESCO tendered EEI's defense in the Underlying Action to IRONSHORE. On or about February 12, 2018, after EDID filed the FAXC, WESCO re-tendered EEI's defense in the Underlying Action to IRONSHORE. On or about June 25, 2018, IRONSHORE denied coverage to EEI as an additional insured under the IRONSHORE Policy. IRONSHORE did not participate in the defense of EEI in the Underlying Action, and contributed no monies to defend or settle the Underlying Action.

26. In or around January 2019, WESCO, EEI, Martin Smith and EDID entered into a Global Settlement Agreement and Mutual Release of Claims ("Global Settlement"), wherein EDID agreed to dismiss EEI and Martin Smith from the Underlying Action in exchange for $935,000, of which WESCO contributed $551,000 on behalf of EEI, and EEI/Martin Smith contributed $384,000.

27. In or around January 2019, WESCO and EEI executed an Assignment of Rights ("Assignment"), wherein EEI assigned its rights to WESCO with respect to recovery from EEI's insurers and additional insurers including IRONSHORE. The Assignment includes but is not limited to the right to recovery of EEI's $384,000 contribution to the Global Settlement and all damages sustained by EEI arising out of the denial of coverage by Defendants. The Assignment provides, in part, as follows:

> 9.1 EEI hereby assigns its rights to WESCO with respect to recovery of any and all insurance benefits from its insurers, including but not limited to IRONSHORE.
>
> 9.2 EEI hereby assigns its rights to WESCO with respect to recovery of any and all damages sustained by EEI arising out of the denial of insurance benefits by their insurers, including but not limited to IRONSHORE, for the ACTION. The assigned rights include but are not limited to damages arising out of the denial of a defense, as well as damages arising out of the refusal to contribute to or otherwise indemnify any amount of the SETTLEMENT.
>
> 9.3 EEI agrees that it shall cooperate fully in any action or proceeding by WESCO to recover benefits and/or damages pursuant to this ASSIGNMENT.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

28. The policies issued by Defendants to ALC, including the IRONSHORE Policy, are primary policies which were triggered by property damage alleged against EEI caused in whole or in part by ALC's ongoing operations for EEI on the Project. Defendants and each of them were required to completely and immediately defend the entire Underlying Action. EEI and/or WESCO demanded that IRONSHORE participate in the defense and indemnity of EEI as an additional insured under the IRONSHORE Policy with respect to the Underlying Action, and IRONSHORE rejected those demands.

29. WESCO is informed and believes and thereon alleges that the claims against EEI in the Underlying Action are claims against which the Defendants should have defended and indemnified EEI, and were obligated under the terms of their policies, including the IRONSHORE Policy, to do so.

30. WESCO paid $551,000, exclusive of interest, toward settlement of the Underlying Action on behalf of EEI under the WESCO Policy. EEI paid $384,000, exclusive of interest, toward settlement of the Underlying Action, and assigned its rights to WESCO with respect to recovery of such amount from EEI's insurers and additional insurers, including IRONSHORE.

31. WESCO incurred approximately $230,000, exclusive of interest, to defend EEI in the Underlying Action under the WESCO Policy.

32. WESCO's payments made toward the defense and settlement of the Underlying Action on behalf of EEI was not "voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the IRONSHORE Policy.

## FIRST CAUSE OF ACTION

### Equitable Contribution - Defense Fees and Costs

### Against All Defendants

33. Plaintiff incorporates by reference Paragraphs 1 through 32 above, and refers to them in this cause of action as though fully set forth herein.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

34. Plaintiff is informed and believes that the policies issued by Defendants including the IRONSHORE Policy, provided coverage to EEI as an additional insured for its potential liability in the Underlying Action arising out of ALC's ongoing operations at the Project. Defendants, and each of them, were obligated to defend EEI as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, for property damage caused, in whole or in part, by ALC's acts or omissions in performing ongoing operations at the Project.

35. EDID's FAXC in the Underlying Action identified, among other things, the following defects and/or damage which triggered Defendants' duty to defend EEI as an additional insured:

(a) failure to protect the existing north abutment wall;

(b) total destruction of north abutment wall during construction;

(c) failure to protect the access roadway retaining wall; and

(d) damaging of the access roadway retaining wall during construction.

36. The incident which caused the property damage alleged in EDID's FAXC occurred on September 9, 2014, which is within the applicable policy period of the policies of insurance Defendants issued to ALC, including the IRONSHORE Policy.

37. Defendants, and each of them, were obligated to defend EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, by virtue of the allegations of property damage potentially arising out of ALC's ongoing operations performed for EEI at the Project, which damages are, at minimum, potentially covered under Defendants' policies, including the IRONSHORE Policy.

38. As a consequence of the failure and/or refusal of Defendants, and each of them, to participate in the defense of EEI as an additional insured, WESCO has been compelled to pay a disproportionate percentage of EEI's defense costs relative to the claims in the Underlying Action.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

39. If it is determined that the policies Defendants issued to ALC, including the IRONSHORE Policy, provide coverage for the defense of EEI as an additional insured thereunder with respect to the Underlying Action, Plaintiff is entitled to equitable contribution of a share of said defense costs and/or indemnity from said Defendants, and each of them.

40. Plaintiff is informed and believes and thereon alleges that as a result of the alleged property damage potentially arising out of ALC's ongoing operations performed for EEI at the Project, and because their policies are primary policies; under California law, Defendants, and each of them, had an obligation to defend EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, and to reimburse Plaintiff for an equitable share of the costs it expended to defend EEI in the Underlying Action, which amount is approximately $230,000.

**SECOND CAUSE OF ACTION**

**Equitable Contribution - Settlement Payments**

**Against All Defendants**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above, and refers to them in this cause of action as though fully set forth herein.

42. Defendants, and each of them, were obligated to indemnify and/or settle on behalf of EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, for its liability caused in whole or in part by ALC's ongoing operations performed for EEI at the Project.

43. As a consequence of the failure and/or refusal of Defendants, and each of them, to indemnify and/or settle on behalf of EEI as an additional insured under any of the policies Defendants issued to ALC, including the IRONSHORE Policy, WESCO has been compelled to pay a disproportionate share of indemnity and/or of the settlement on behalf of EEI in the Underlying Action in the form of WESCO's $551,000 payment to EDID as part of the Global Settlement. Defendants and each of them are presumptively responsible for an equitable

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

share of the settlement amount based upon their wrongful denial of a defense to EEI pursuant to *Safeco Ins. Co. v. Superior Court*, 140 Cal.App.4th 874 (2006) and similar authority.

44. As a consequence of the failure and/or refusal of Defendants, and each of them, to indemnify and/or settle on behalf of EEI as an additional insured under any of the policies Defendants issued to ALC, including the IRONSHORE Policy, EEI was compelled to pay $384,000 to EDID as part of the Global Settlement. EEI assigned its rights to WESCO to recover such payment from EEI's insurers and additional insurers, including IRONSHORE.

45. Plaintiff is entitled to equitable contribution of a share of said indemnity and/or settlement payment(s) from said Defendants, and each of them, which includes a share of the aforementioned payments made by WESCO directly and/or the assigned payment by EEI.

## THIRD CAUSE OF ACTION

**Equitable Subrogation - Defense Fees and Costs**

**Against All Defendants**

46. Plaintiff incorporates by reference Paragraphs 1 through 45 above, and refers to them in this cause of action as though fully set forth herein.

47. Defendants, and each of them, were obligated to defend EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, by virtue of the allegations of property damage potentially arising out of ALC's ongoing operations performed for EEI at the Project, which damages are, at minimum, potentially covered under Defendants' policies, including the IRONSHORE Policy.

48. Pursuant to the "Other Insurance" provision in the WESCO Policy, the policies Defendants issued to ALC, including the IRONSHORE Policy, which afford coverage to EEI as an additional insured thereunder, were to serve as primary insurance over any other primary insurance available to EEI, which includes the WESCO Policy, and the WESCO Policy is therefore excess over the policies Defendants issued to ALC, including the IRONSHORE Policy, which provides coverage to EEI as an additional insured thereunder.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

Accordingly, Defendants, and each of them, are solely and primarily liable for the costs to defend EEI in the Underlying Action.

49. As a consequence of the failure and/or refusal of Defendants, and each of them, to defend EEI as an additional insured, WESCO has been compelled to pay the costs to defend EEI in the Underlying Action, which defense fees should rightfully have been paid entirely by Defendants, and each of them, who are solely liable for such costs.

50. WESCO's payments made toward the defense of EEI in the Underlying Action were not "voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the IRONSHORE Policy.

51. WESCO has suffered damages as a result of Defendants', and each of their, failure and/or refusal to defend EEI as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, insofar as such failure and/or refusal caused WESCO to expend approximately $230,000, exclusive of interest, to defend EEI in the Underlying Action.

52. Justice requires that the entire cost WESCO expended to defend EEI in the Underlying Action, which amount was approximately $230,000, exclusive of interest, be entirely shifted from Plaintiff to Defendants, and each of them, whose equitable positions are inferior to that of WESCO, as Defendants' wrongful failure and/or refusal to acknowledge or otherwise discharge their obligations to defend EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, which obligations were primary over those of WESCO, caused WESCO to expend significant defense fees for which Defendants, and each of them, were primarily liable.

## FOURTH CAUSE OF ACTION

**Equitable Subrogation - Settlement Payments**

**Against All Defendants**

53. Plaintiff incorporates by reference Paragraphs 1 through 52 above, and refers to them in this cause of action as though fully set forth herein.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

54. Defendants, and each of them, were obligated to indemnify EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, for its liability arising out of ALC's ongoing operations performed for EEI at the Project.

55. Pursuant to the "Other Insurance" provision in the WESCO Policy, the policies Defendants issued to ALC, including the IRONSHORE Policy, which afford coverage to EEI as an additional insured thereunder, were to serve as primary insurance over any other primary insurance available to EEI, which includes the WESCO Policy, and the WESCO Policy is therefore excess over the policies Defendants issued to ALC, including the IRONSHORE Policy, which provide coverage to EEI as an additional insured thereunder. Accordingly, Defendants, and each of them, are solely and primarily liable for the costs to indemnify EEI in the Underlying Action.

56. As a consequence of the failure and/or refusal of Defendants, and each of them, to indemnify EEI as an additional insured under any of the policies Defendants issued to ALC, including the IRONSHORE Policy, WESCO has been compelled to pay the costs to settle the Underlying Action on behalf of EEI, which settlement amount should rightfully have been paid entirely by Defendants, and each of them, who are solely liable therefore.

57. As a consequence of the failure and/or refusal of Defendants, and each of them, to indemnify EEI as an additional insured under any of the policies Defendants issued to ALC, including the IRONSHORE Policy, EEI has been compelled to pay a portion of the costs to settle the Underlying Action, which settlement amount should rightfully have been paid entirely by Defendants, and each of them, who are solely liable therefore. EEI assigned its rights to WESCO to recover its $384,000 contribution to the Global Settlement from EEI's insurers and additional insurers, including IRONSHORE.

58. WESCO's settlement payment made on behalf of EEI in the Underlying Action was not "voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the IRONSHORE Policy. Plaintiff is informed and believes that EEI's settlement payment in the Underlying Action was not

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

"voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the IRONSHORE Policy.

59. WESCO has suffered damages as a result of Defendants', and each of their, failure and/or refusal to indemnify EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, insofar as such failure and/or refusal caused WESCO to expend $551,000 exclusive of interest, to settle the Underlying Action on behalf of EEI.

60. EEI, whose rights have since been assigned to WESCO, has suffered damages as a result of Defendants', and each of their, failure and/or refusal to indemnify it in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, insofar as such failure and/or refusal caused EEI to expend $384,000, exclusive of interest, to settle the Underlying Action on behalf of EEI.

61. Justice requires that the entire cost WESCO and EEI, whose rights have since been assigned to WESCO, expended to settle the Underlying Action on behalf of EEI, which amount was collectively $935,000, exclusive of interest, be entirely shifted from Plaintiff to Defendants, and each of them, whose equitable positions are inferior to that of WESCO, as Defendants' wrongful failure and/or refusal to acknowledge or otherwise discharge their obligations to indemnify EEI in the Underlying Action as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy, which obligations were primary over those of WESCO, caused WESCO and EEI, whose rights have since been assigned to WESCO, to expend a significant amount to settle the Underlying Action on behalf of EEI, for which Defendants, and each of them, were primarily liable.

**FIFTH CAUSE OF ACTION**

**Breach of Contract - By Assignment**

**Against All Defendants**

62. Plaintiff incorporates by reference Paragraphs 1 through 61 above, and refers to them in this cause of action as though fully set forth herein.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

63. Plaintiff is informed and believes and thereon alleges that the insurance policies issued by Defendants to ALC, under which EEI qualifies as an additional insured, including the IRONSHORE Policy, were valid. Plaintiff is further informed and believes that all conditions precedent to coverage were performed or otherwise satisfied, to the extent that Defendants' and each of them were not excused from performance under their respective policy or policies.

64. Defendants, and each of them, were contractually obligated to indemnify and/or settle on behalf of EEI in the Underlying Action with respect to its liability as an additional insured under the policies Defendants issued to ALC, including the IRONSHORE Policy.

65. Defendants, and each of them, have breached their contractual obligations to EEI by failing and/or refusing to contribute any monies toward the Global Settlement or to otherwise indemnify EEI in the Underlying Action under any of the policies of insurance Defendants issued to ALC, including the IRONSHORE Policy.

66. As a direct and proximate result of Defendants', and each of their, failure and/or refusal to contribute any monies toward the Global Settlement or otherwise indemnify EEI in the Underlying Action under any of the policies of insurance Defendants issued to ALC, including the IRONSHORE Policy, EEI has been compelled to pay $384,000 toward the costs to settle the Underlying Action, which settlement amount should rightfully have been paid entirely by Defendants, and each of them, who are solely liable therefore.

67. Pursuant to the Assignment between EEI and WESCO, EEI assigned its rights to WESCO to recover its $384,000 contribution to the Global Settlement from EEI's insurers and additional insurers, including IRONSHORE. Accordingly, WESCO, as EEI's assignee, has the right to recover against Defendants, and each of them, for the amount EEI was compelled to pay toward the cost to settle the Underlying Action as a result of Defendants', and each of their, breach of their respective contractual obligations to indemnify EEI in the Underlying Action under the policies of insurance Defendants issued to ALC, including the IRONSHORE Policy.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

**PRAYER FOR RELIEF**

WHEREFORE, WESCO prays for judgment against Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1. A determination that WESCO is entitled to contribution from Defendants, and each of them, of an equitable share of the defense costs paid by WESCO on behalf of EEI in the Underlying Action;

2. A determination of the amount of contribution to which WESCO is entitled from Defendants, and each of them, for the costs to defend EEI in the Underlying Action;

**SECOND CAUSE OF ACTION**

3. A determination that WESCO is entitled to contribution from Defendants, and each of them, of an equitable share of the indemnity / settlement payments made by WESCO and EEI, the rights of which have since been assigned to WESCO, to settle the Underlying Action on behalf of EEI;

4. A determination of the amount of contribution to which WESCO is entitled from Defendants, and each of them, for the costs to settle the Underlying Action on behalf of EEI;

**THIRD CAUSE OF ACTION**

5. A determination that WESCO is entitled to complete reimbursement from Defendants, and each of them, for all of the defense costs paid by WESCO on behalf of EEI in the Underlying Action, which amount is approximately $230,000, exclusive of interest;

**FOURTH CAUSE OF ACTION**

6. A determination that WESCO is entitled to complete reimbursement from Defendants, and each of them, for the payments made by WESCO and EEI, whose rights have since been assigned to WESCO, to settle the Underlying

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

Action on behalf of EEI, which amount is collectively $935,000, exclusive of interest;

**FIFTH CAUSE OF ACTION**

7. A determination that WESCO is entitled to damages from Defendants and each of them for the payment made by EEI to settle the Underlying Action in the amount of $384,000, exclusive of interest;

**ALL CAUSES OF ACTION**

8. For prejudgment interest at the legal rate;

9. For costs of suit incurred herein; and,

10. For such other and further relief as the Court deems just and proper.

HIRSCH CLOSSON, APLC

DATED: February 25, 2020

By /s/ Christopher T. Hicks
Robert V. Closson, Esq.
Christopher T. Hicks, Esq.
Attorneys for Plaintiff,
WESCO INSURANCE COMPANY

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006